IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HISCOX INSURANCE COMPANY INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-1890 |
| LEVIS SOSA RODRIGUEZ, individually and d/b/a SOSA DRYWALL SPECIALIST, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

1. Hiscox Insurance Company Inc. (Hiscox) petitions this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. Section 2201, Texas Civil Practices and Remedies Code Section 37.001, *et seq*., and Federal Rule of Civil Procedure 57 for construction of an insurance policy issued by Hiscox to Defendant and declarations regarding the parties' rights and obligations under the policy with respect to an underlying Texas state court lawsuit.

2. Plaintiff Hiscox is an insurer domiciled in Illinois and authorized to do business in Texas with its principal place of business in Illinois.

3. Defendant Levis Sosa Rodriguez, individually and d/b/a Sosa Drywall Specialist (Sosa), is an individual doing business under an assumed name who resides in Harris County, Texas. Sosa can be served at 12827 E. Greenwick Loop, Houston, Texas 77085 or wherever he may be found.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. Hiscox is a citizen of Illinois. Upon information and belief, Sosa is a citizen of a foreign state. Therefore, the parties to this lawsuit are a citizen of a state and a citizen or subject of a foreign state. Alternatively, Sosa is a citizen of Texas and the parties are citizens of different states. In

either event, this Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. Section 1391(b)(1) and (2) because the only defendant, Sosa, resides in Houston, Texas (within this judicial district), the insurance policy at issue in this declaratory judgment action was issued to Sosa in Houston, Texas (within this judicial district), and the underlying lawsuit is pending in Harris County, Texas (within this judicial district).

5. Hiscox issued Commercial General Liability Policy number UDC-4622542-CGL-20 to Sosa as named insured for the policy period from October 6, 2020 to October 6, 2021 (the Hiscox Policy). (A true and correct copy of the Hiscox Policy is attached to this Complaint as Exhibit 1). The Hiscox Policy contains several coverage parts, but the only coverage part applicable to the Underlying Lawsuit is Coverage A – Bodily Injury and Property Damage Liability.

6. The insuring agreement for Coverage A states in relevant part:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will also have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
> * * *
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

* * *

7. Section I, Coverage A of the Hiscox Policy also contains the following relevant exclusion:

**2. Exclusions**

This insurance does not apply to:

* * *

**e. Employer's Liability**

"Bodily injury" to:

    **(1)**    An "employee" of the insured arising out of an in the course of:

        **(a)**    Employment by the insured; or

        **(b)**    Performing duties related to the conduct of the insured's business; or

    **(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

* * *

8. The Hiscox Policy also contains the following "Exclusion – Designated Ongoing Operations" endorsement:

## EXCLUSION – DESIGNATED ONGOING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Description of Designated Ongoing Operation(s):**

Services or work on any projects involving the following materials or infrastructure:

| | |
|---|---|
| Airports | Foundation, sheeting or retaining walls |
| Amusement rides, pools or playgrounds | Hazardous material or waste removal |
| Asbestos, lead, or mold evaluation or abatement | Hydraulic fracturing, hydrofracturing, or fracking |
| Automotive glass installation and repair | Landfills |
| Blasting or demolition | Liquefied petroleum gas (LPG) heating and air conditioning installation and repair |
| Bridges, dams, harbors, mines, piers or tunnels | Oil, gas or wells |
| Crane operation | Process piping |
| Emergency systems | Roofing |
| Exterior carpentry work | Scaffolding operation |
| Exterior electrical work | Tree removal |
| Exterior painting | Underground storage tanks or utilities |
| Exterior tile, stone, marble, mosaic, or terrazzo work | Window cleaning above 15 feet |
| Fire suppression | Any other similarly hazardous projects or materials |

**Specified Location (If Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Cove-rages):
This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conduct-ed by you or on your behalf or whether the opera-tions are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such opera-tions are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this en-dorsement, this exclusion applies only to the de-scribed ongoing operations conducted at that "loca-tion".
For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

9. Section V of the Policy, as modified by Endorsement 5, contains the following relevant definitions:

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

5. "Employee" includes a "leased worker" and a "temporary worker".

\* \* \*

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

\* \* \*

10. Sosa is currently a defendant in an ongoing personal-injury lawsuit styled *Jose Umanzor v. Levis Sosa d/b/a Sosa Drywall Specialists,* Cause No. 2021-45371, pending in the 157th Judicial District Court of Harris County, Texas (the Underlying Lawsuit).

11. In Plaintiff's Original Petition filed on or about July 27, 2021 in the Underlying Lawsuit, Plaintiff Jose Umanzor alleged the following: On or about April 20, 2021, he was employed by Sosa and was working at a construction site in Harris County. (A true and correct copy of Plaintiff's Original Petition is attached to this Complaint as Exhibit 2). Plaintiff and Sosa placed scaffolding to do the job, with Plaintiff assembling one side of the scaffolding and Sosa the other side. Plaintiff was going up the scaffolding when the side Sosa assembled collapsed and Plaintiff fell to the ground, suffering extensive injuries to his right foot that required him to undergo two surgeries. Plaintiff's Original Petition asserted causes of action against Sosa for negligence and as a non-subscriber under the Texas Workers Compensation Act (the Act). Plaintiff sought to recover damages for past and future (1) medical expenses, (2) pain, suffering, and mental anguish, (3) physical impairment, and (4) physical disfigurement. Plaintiff also sought to recover prejudgment and post-judgment interest.

12.     Sosa notified Hiscox of the Underlying Lawsuit on or about November 4, 2021. On November 8, 2021, Hiscox advised Sosa's counsel, Chris Carmona, that the claim was barred by the employer's liability exclusion in the Hiscox Policy.

13.     On or about January 28, 2022, Plaintiff's Amended Petition was filed in the Underlying Lawsuit.  (A true and correct copy of Plaintiff's Amended Petition is attached to this Complaint as Exhibit 3).  With one relevant exception, the Amended Petition generally makes the same factual allegations as Plaintiff's Original Petition concerning the date and location of the accident, the Plaintiff's injuries, and those injuries resulting when Plaintiff fell to the ground from scaffolding when the side of the scaffolding assembled by Sosa collapsed.  The exception is that the Amended Petition alleges Plaintiff was working as an independent contractor for, rather than an employee of, Sosa.  Plaintiff's Amended Petition asserts a cause of action against Sosa for negligence.  However, Plaintiff's Amended Petition also includes an alternative allegation that Plaintiff was an employee of Sosa and, based on that alternative allegation, asserts a claim against Sosa as a nonsubscriber under the Act.  Plaintiff seeks to recover damages for past and future (1) medical expenses, (2) pain, suffering, and mental anguish, (3) physical impairment, and (4) physical disfigurement.  Plaintiff also seeks to recover prejudgment and post-judgment interest.

14.     On or about February 3, 2022, Sosa's counsel forwarded Plaintiff's Amended Petition to Hiscox and asserted that Hiscox had no reason to deny coverage in light of the allegation in the Amended Petition that Plaintiff is not Sosa's employee.  By letter dated March 7, 2022, Hiscox denied coverage for the Underlying Lawsuit based on the Exclusion – Designated Ongoing Operations endorsement in the Policy. Hiscox also reserved rights based on the employer's liability exclusion and the alternative allegation that Plaintiff was an employee of Sosa's. Nevertheless, Sosa has continued to contest the denial of coverage.

## DECLARATORY RELIEF

15. Hiscox seeks a declaration that it owes no duty to defend or to indemnify Sosa in the Underlying Lawsuit.

16. In particular, Hiscox seeks a declaration that the claims asserted in Plaintiff's Original Petition and Plaintiff's First Amended Petition are barred from coverage by the Policy's Exclusion – Designated Ongoing Operations endorsement. That endorsement excludes coverage for bodily injury arising out of the ongoing operations described in the endorsement's Schedule, which include services or work on any projects involving the following materials or infrastructure: "Scaffolding operation." As alleged in both petitions, Plaintiff suffered bodily injury when he fell to the ground after scaffolding assembled by Sosa collapsed.[1]

17. Hiscox also seeks a declaration that the claims asserted in Plaintiff's Original Petition are barred from coverage by the Policy's employer's liability exclusion. That exclusion bars coverage for bodily injury to an employee of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business. Plaintiff's Original Petition alleged that Plaintiff was employed by Sosa and suffered bodily injury while working at a construction site with Sosa. In an effort to avoid the application of the employer's liability exclusion, Plaintiff's Amended Petition alleges that Plaintiff was an independent contractor rather than an employee of Sosa before alleging, in the alternative, that Plaintiff is entitled to recover from Sosa as a nonsubscriber to the Act if it is determined that Plaintiff was an employee of Sosa. Hiscox therefore seeks a declaration that the employer's liability exclusion will relieve Hiscox of any duty to indemnify Sosa for any judgment entered

---

[1] In the Application Summary attached to the Policy, Sosa represented to Hiscox that neither he nor any of his subcontractors provided any services or work involving the following materials or infrastructure, among others: "Scaffolding operation."

against him in the Underlying Lawsuit if Plaintiff was in fact an employee of Sosa rather than an independent contractor.

Accordingly, Hiscox respectfully requests that Sosa be cited to appear herein and that the Court enter a declaratory judgment declaring that Hiscox has no duty to defend and indemnify Sosa in the Underlying Lawsuit. Hiscox also requests all other relief to which it is justly entitled.

Respectfully submitted,

*/s/ Wade C. Crosnoe*
Wade C. Crosnoe
Attorney-in-Charge
State Bar No. 00783903
SDT Bar No. 19819
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5078
Facsimile: (512) 708-8777
E-mail: wcrosnoe@thompsoncoe.com

**Counsel for Plaintiff Hiscox Insurance Company Inc.**

**Of Counsel:**

Cyrus W. Haralson
State Bar No. 24065371
STD Bar No. 1542111
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056-1988
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: charalson@thompsoncoe.com