IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HISCOX INSURANCE COMPANY INC., <br> *Plaintiff*, <br><br> v. <br><br> LEVI SOSA RODRIGUEZ, individually <br> and d/b/a SOSA DRYWALL SPECIALIST, <br> *Defendant*. | § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-1890 |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES** Levis Sosa Rodriguez and Sosa Drywall Specialists ("Defendants") by and through their attorneys, The Carmona Firm PLLC, hereby appear in this action and for their answer to the Compalint state as follows:

**I.**
**Defendants' Answer to Plaintiff's Allegations**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every factual allegation contained in Plaintiff's First Amended Petition [Doc. 7] as they pertain to this Defendant, except for those allegations expressly admitted. To the extent an allegation is a legal conclusion or non-factual statement, while no response to same is required, Defendant denies the legal conclusions and factual statements. The paragraphs below are numbered to correspond to the numbered paragraphs in Plaintiff's First Amended Petition [Doc. 7].

1. The allegations contained in this paragraph do not require a response and are therefore deemed denied or avoided. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

2. Admit.

3. Admit.

4. Admit in part. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the alleged sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States as filed.

5. Admit in part. Additional parts of the policy are applicable to the Underlying lawsuit.

6. Admit in part. Additional parts of the policy are relevant and applicable to the Underlying lawsuit.

7. Admit to the definitions, but deny as to the relevanc to this suit.

8. Deny to the application of the exclusion listed in this paragraph.

9. Admit to the definitions, but deny as to the relevanc to this suit.

10. Admit.

11. Admit to the characterization of the initial pleadings in the underlying suit.

12. Admit to the correspondence denying coverage in the underlying suit. Deny the allegation that coverage is barred.

13. Admit to the characterization of the initial pleadings in the underlying suit.

14. Admit to the correspondence denying coverage in the underlying suit. Deny the allegation that coverage is barred.

15. Deny that Hiscox owes no duty to defend or indemnify.

16. Deny that the claims asserted in the Underlying Suit are barred from coverage as there was not ongoing operations as alleged.

17. Deny that the claims asserted in the Underlying Suit are barred from coverage as the Plaintiff in the Underlying Suit has admitted in deposition testimony that he was not an employee of Sosa.

18. The allegations contained in this paragraph do not require a response and are therefore deemed denied or avoided. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## II.
## Defendants' Defenses and Affirmative Defenses

Defendant does not knowingly or intentionally waive any applicable defense and reserve the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings. Defendants further reserve the right to amend their Answer and/or defenses accordingly, and/or delete defenses that they determine are not applicable, during the course of the proceedings. Pursuant to Federal Rule of Civil Procedure 8(b) and (c), Defendant hereby asserts the following defenses and affirmative defenses to which it may be entitles:

### First Affirmative Defense

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Plaintiff.

### Second Affirmative Defense

2. The complaint fails, in whole or in part, due to doctrine of unclean-hands.

### Additonal Defenses

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

### Jury Demand.

Defendant hereby asserts its right under the Seventh Amendment to the United States

Constitution and demands, in accordance with Rule 38 of the Federal Rules of Civil Procedure, and trial by jury on all issues.

## I.   CONCLUSION

WHEREFORE, Defendants respectfully request that the Court:

A. Dismiss the Complaint in its entirety with prejudice;

B. Deny each and every demand and prayer for relief contained in the Complaint;

C. Award Defendant their costs and reasonable attorneys' fees; and

D. Award Defendants such other and further relief as the Court deems just and proper.

DATED:   Houston, Texas

July 21, 2022

**RESPECTFULLY SUBMITTED,**

THE CARMONA FIRM, PLLC

  */s/ Chris Carmona*
CHRIS CARMONA
SBN: 24072022
FIN: 1128600
chris@carmonalawoffice.com
PO Box 7137
Houston, TX 77248
(832) 827-4529 phone
(832) 460-2724 fax

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

    Pursuant to Fed. R. Civ. P. 5(b) and Southern District of Texas Local Rule 5.5, I certify that a copy of this instrument was served on the 21st day of July, 2022 to all counsel of record and/or parties.

                                               */s/ Chris Carmona*
                                               CHRIS CARMONA