United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HISCOX INSURANCE COMPANY, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-01890** |
| | § | |
| **LEVIS SOSA RODRIGUEZ, individually and d/b/a SOSA DRYWALL SPECIALIST,** | § | |
| | § | |
| **Defendant.** | § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Hiscox Insurance Co., Inc. ("Hiscox") is an Illinois-based insurer that insured Defendant Levis Sosa Rodriguez, d/b/a Sosa Drywall Specialist ("Sosa"), from October 6, 2020, to October 6, 2021. (Dkt. No. 1 at 1–2). After Jose Umanzor, one of Sosa's workers, was injured at a jobsite and filed a personal-injury suit in state court (the "Underlying Lawsuit"), Sosa sought defense and indemnity coverage from Hiscox. (Dkt. No. 21 at 1). Hiscox denied the request, arguing that provisions in the policy eliminated its duties to defend and indemnify, and filed a Motion for Summary Judgment to that effect. (Dkt. No. 12). In its prior Memorandum Opinion and Order, this Court found that Hiscox had no duty to defend but that a declaration regarding its duty to indemnify would be premature. (Dkt. No. 21 at 2). The Court administratively closed the case pending the resolution of the Underlying Lawsuit. (Dkt. No. 21 at 13). After a default judgment was entered against Sosa in the Underlying Lawsuit, (Dkt No. 50-4), Hiscox

moved to reopen the case and now moves once more for summary judgment, claiming the evidence "conclusively shows" that it has no duty to indemnify Sosa. (Dkt. No. 53 at 3).

Pending before the Court is Hiscox's Motion for Summary Judgment. (Dkt. No. 53). Sosa has not filed a response. For the reasons below, the Court **GRANTS** Hiscox's Motion.

## I. BACKGROUND

Sosa, a drywall replacement and installation business, purchased a commercial general-liability insurance policy (the "Policy") from Hiscox. (Dkt. No. 21 at 1). The Policy generally obligates Hiscox "to defend the insured against any 'suit' seeking . . . damages [because of 'bodily injury' or 'property damage']." (Dkt. No. 1 at 2). The Policy contains exclusions. One, titled "Exclusion–Designated Ongoing Operations" (the "Exclusion"), provides that "[s]ervices or work on any projects" involving certain listed "materials or infrastructure" are not covered under the Policy. (Dkt. No. 12-1 at 44). The list includes "[s]caffolding operation." (*Id.*)

In the Underlying Lawsuit,[1] Plaintiff Jose Umanzor alleged that while employed by Sosa, he fell from scaffolding and suffered injuries to his foot. (Dkt. No. 12-1 at 71). Umanzor sought damages for his injuries and resulting medical expenses. (*Id.* at 73). After Sosa notified Hiscox of the suit, Hiscox advised Sosa that the claim was excluded from coverage under the Exclusion. (*Id.* at 3). Following Umanzor's amended state-court

1 *Umanzor v. Sosa* No. 2021-45371 (157th Dist. Ct., Harris County, Tex. July 27, 2021).

petition, Sosa notified Hiscox a second time, and Hiscox again advised Sosa that the claim was excluded from coverage. (*Id.* at 3). After this second communication, Hiscox sought a declaratory judgment from this Court that it had no duty to defend or indemnify Sosa in the Underlying Lawsuit. (Dkt. No. 12). The Court ruled that Hiscox had no duty to defend Sosa but that a declaration regarding its duty to indemnify would not be ripe until the conclusion of the Underlying Lawsuit. (Dkt. No. 21 at 2, 13). The Court thus administratively closed the case. (*Id.* at 13).

The Underlying Lawsuit later concluded when the state court granted Umanzor's Motion for Entry of Default Judgment against Sosa. (Dkt. No. 53 at 6). After learning of the default judgment, Hiscox moved to reopen this case, and the Court granted the motion. (Dkt. No. 26 at 1). Hiscox then filed the pending Motion for Summary Judgment. (Dkt. No. 53).

## II. LEGAL STANDARD

### A. THE INSURANCE CONTRACT

In Texas, "[i]nsurance policies are controlled by rules of interpretation and construction which are applicable to contracts generally." *Richards v. State Farm Lloyds*, 597 S.W.3d 492, 497 (Tex. 2020) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995)). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). To ascertain that intent, "courts should examine and consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered

meaningless." *Id.* (emphasis in original). Accordingly, "[n]o single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Id.* But if two contractual provisions conflict, "the specific trumps the general." *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133–34 (Tex. 1994).

### B. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

When, as here, the nonmovant fails to respond to the motion for summary judgment, the movant is not entitled to summary judgment solely because the nonmovant failed to respond. *See Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988).

Still, "[t]he failure to respond to a summary judgment motion leaves the movant's facts undisputed." *Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F.App'x 214, 215 (5th Cir. 2015) (per curiam) (citing *Eversley*, 843 F.2d at 174). "The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law." *Id.* (citing *Eversley*, 843 F.2d at 174).

## III. DISCUSSION

In its Motion for Summary Judgment, Hiscox argues that the Exclusion bars any duty to indemnify. (Dkt. No. 53 at 3). In the alternative, Hiscox argues that the default judgment is not enforceable because it did not result from a fully adversarial trial. (*Id.* at 15). Sosa has failed to respond. The Court agrees with Hiscox's primary argument and therefore does not reach its alternative argument.

Texas law treats an insurer's duties to defend and indemnify as distinct. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 742–44 (Tex. 2009). Although the duty to defend is generally determined from the pleadings and the policy, the duty to indemnify depends on the facts establishing liability and whether those facts fall within the policy's coverage. *Id.* at 744. And when the underlying lawsuit does not go to trial or otherwise fails to develop the facts necessary to determine coverage, the parties may offer extrinsic evidence in the subsequent coverage action to establish or negate the duty to indemnify. *Turner v. Cincinnati Insurance Co.*, 9 F.4th 300, 316–17 (5th Cir. 2021); *Hartford Casualty Insurance Co. v. DP Engineering, L.L.C.*, 827 F.3d 423, 430 (5th Cir. 2016).

Here, the Underlying Lawsuit concluded by default judgment without a trial on the merits, and the record does not establish what evidence, if any, the state court

received concerning the cause of Umanzor's accident. Hiscox may therefore rely on competent summary-judgment evidence in this coverage action to establish the facts relevant to its duty to indemnify. *See Turner*, 9 F.4th at 316–17; *Hartford Casualty*, 827 F.3d at 430. Because Hiscox relies on a policy exclusion, it bears the burden of establishing that the Exclusion applies. *See Buchholz v. Crestbrook Insurance Co.*, 65 F.4th 766, 769–70 (5th Cir. 2023); Tex. Ins. Code § 554.002.

Hiscox relies on Sosa's sworn statements and admissions to establish that Umanzor suffered bodily injury when he fell from scaffolding and that his injury therefore falls within the Exclusion. (Dkt. No. 53 at 12–15). Sosa referred to the structure from which Umanzor fell as a "scaffold." (*Id.* at 13). Sosa testified in his deposition that "[Umanzor] kind of shake on the—on the scaffold, and that's when he fell off." (*Id.*). And Sosa's affidavit submitted in response to Hiscox's first Motion for Summary Judgment likewise stated that "Mr. Umanzor allegedly sustained injuries after the side of the platform ladder/scaffold collapsed causing Mr. Umanzor to fall to the ground." (*Id.*).

Hiscox points to Sosa's deemed admissions. In Requests for Admissions Nos. 1 and 2, Hiscox requested that Sosa admit "that Umanzor suffered bodily injury on or about April 20, 2021, when he fell from scaffolding that collapsed at a worksite" and that "Umanzor suffered bodily injury arising out of a scaffolding operation on or about April 20, 2021." (Dkt. No. 53 at 14). Sosa failed to serve answers or objections to the requests within 30 days of service. The matters are therefore deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). And because Sosa has not moved to withdraw or amend those admissions, the admitted matters are conclusively established for purposes of this action. *See id.* 36(b).

Given Sosa's sworn statements and admissions, there is no genuine dispute that Umanzor's injury arose out of a scaffolding operation that falls within the Exclusion. The Policy expressly excludes services or work on projects involving "[s]caffolding operation." (Dkt. No. 12-1 at 44). Hiscox has therefore established that the Exclusion applies. Hiscox thus has no duty to indemnify Sosa for the default judgment entered against him in the Underlying Lawsuit.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff Hiscox Insurance Company, Inc.'s Motion for Summary Judgment. (Dkt. No. 53). The Court **DECLARES** that Hiscox has no duty under the Policy to indemnify Defendant Levis Sosa Rodriguez, individually and d/b/a Sosa Drywall Specialist, against the default judgment entered in *Umanzor v. Sosa*, No. 2021-45371, in the 157th Judicial District Court of Harris County, Texas.

The Court will enter a separate final judgment.

It is SO ORDERED.

Signed on September 29, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**